

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

In re:

REFUGIO VASQUEZ,

Debtor.

Case No. 2:20-bk-10114-RK

Chapter 7

**ORDER: (1) DENYING IN PART AND GRANTING IN PART DEBTOR'S REQUEST FOR RECONSIDERATION OF ORDER DENYING CHAPTER 7 FILING FEE WAIVER IN DEBTOR'S ANSWER TO ORDER ON INSTALLMENT COURT FEE PAYMENTS; AND (2) REQUIRING DEBTOR TO APPEAR IN COURT ON AUGUST 4, 2020 AT 1:30 P.M. AND SHOW CAUSE WHY THE CASE SHOULD NOT BE DISMISSED FOR FAILURE TO PAY THE FILING FEE IN FULL OR CLOSED WITHOUT DISCHARGE FOR NONPAYMENT OF THE FILING FEE**

TO DEBTOR REFUGIO VASQUEZ, CHAPTER 7 TRUSTEE ELISSA MILLER, PETER C. ANDERSON, UNITED STATES TRUSTEE, ALL CREDITORS AND INTERESTED PARTIES:

    The court has considered the request of Debtor Refugio Vasquez, who is a self-represented party, for reconsideration of the court's order denying his application for

waiver of the Chapter 7 bankruptcy case filing fee and allowing him to pay the filing fee in installments, filed and entered on January 7, 2020 (Docket No. 7), which request was stated in his Answer to Order on Installment Court fee payments filed on January 10, 2020 (Docket No. 11).  In support of his request, Debtor states that he cannot afford to pay the filing fee because his income is only $1,755 in social security benefits, "but with the amount I pay for rent which is $1,500 is not enough since I only have some money left that I must spare between food and medications."  Debtor further states that "I am a 85 year old man and it is very hard for me to get to places or find a part time job to provide more income."  Debtor supported his request with copies of his apartment lease agreement and of cancelled checks for his rent, utility and medical expenses.

The court denies the request for reconsideration in part and denies Debtor's request for a waiver of the Chapter 7 bankruptcy case filing fee because the court does not have authority under Section 1930(f)(1) of the Judicial Code, Title 28, United States Code to grant a waiver for Debtor because under that law, the court may waive the filing fee if the court determines that the debtor has income less than 150 percent of the income official poverty line as defined by the Office of Management and Budget, and revised annually in accordance with Section 673(2) of the Omnibus Budget Reconciliation Act of 1981 applicable to his family size.  However, the court lacks authority to waive Debtor's filing fee under this law because his monthly income of $1,755 as shown on Schedule I of his bankruptcy petition exceeds 150 percent of the income official poverty line as defined by the Office of Management and Budget, and revised annually in accordance with Section 673(2) of the Omnibus Budget Reconciliation Act of 1981 applicable to his family size. The guideline amount for

Debtor's family size of one in California (one of the 48 contiguous states) for 2020 was $1,595 when his bankruptcy petition was filed on January 7, 2020, and his monthly income amount of $1,775 is over the maximum guideline amount of $1,595 for his family size located in California.  See Poverty Guidelines, 01/08/2020, U.S. Department of Health and Human Services, https://aspe.hhs.gov/poverty-guidelines (accessed online on January 23, 2020) (the 2020 poverty guideline for a family of one in the 48 contiguous states, including California, is income of $12,760 for the year, and 150% of that amount is income of $19,140 for the year, divided by 12 yields the amount of income of $1,595 per month as the maximum limit to qualify for a fee waiver).  It appears that having to pay the Chapter 7 bankruptcy case filing fee of $335 would be a financial hardship for Debtor based on his budget of income and expenses as he has stated in his request, but the court is constrained to follow the law as stated in Section 1930(f)(1) of the Judicial Code, Title 28, United States Code, which is an objective income test for waiving the filing fee for financial hardship and does not directly take into consideration expenses that the Debtor has.

  The court grants the request for reconsideration in part and vacates its order requiring Debtor to pay the filing fee in installments within 120 days of the filing of the bankruptcy petition filed and entered on January 7, 2020 (Docket No. 7).  Debtor is not required to pay the filing fees in installments by May 6, 2020 as previously ordered.

  There is case law authority that provides that Debtor's Chapter 7 bankruptcy case need not be immediately dismissed upon the court's denial of his application for a waiver of the Chapter 7 filing fee under Section 707(a)(2) of the Bankruptcy Code, Title 11, United States Code, and Debtor's failure to pay the filing fee in installments within

120 days of the filing of the bankruptcy petition under Federal Rule of Bankruptcy Procedure 1006(b)(2). *In re Gjerde*, 535 B.R. 329 (Bankr. E.D. Cal. 2015). As recognized by the court in the *Gjerde* case, "[t]he alternative to dismissal is to permit the case to proceed with the filing fee to be unpaid." 535 B.R. at 333. "This alternative is particularly viable where the debtor otherwise is performing the debtor's duties and does not appear to be inappropriately exploiting the automatic stay as a form of delay to the prejudice of creditors." *In re Gjerde,* 535 B.R. at 333, *citing,* 11 U.S.C. § 707(a)(1).

However, according to Federal Rule of Bankruptcy Procedure 4004(c)(1)(G), Debtor may not be granted a discharge until he pays the Chapter 7 filing fee in full or the court grants a waiver, which the court cannot do at this time because Debtor is not income qualified under the definition of Section 1930(f)(1) of the Judicial Code, Title 28, United States Code. If Debtor wants a Chapter 7 bankruptcy discharge in this case, he will need to pay the filing fee in full or obtain a waiver as required by Federal Rule of Bankruptcy Procedure 4004(c)(1)(G). As the court in the *Gjerde* case observed, "If the court takes a 'wait and see' approach, it can revisit the waiver question later in the case. In this court's experience, the filing fee eventually is paid." *In re Gjerde,* 535 B.R. at 334. That is, allowing this Chapter 7 bankruptcy case to proceed before considering the waiver question again provides some additional but limited time for the Debtor to find the money to pay the fee.

Despite the denial of Debtor's fee waiver application, the court will allow Debtor's Chapter 7 bankruptcy case to proceed for a limited time (about six months) without dismissing the case for failure to pay the filing fee because it appears that Debtor is

otherwise performing the duties of a bankruptcy debtor and is not inappropriately exploiting the automatic stay as a form of delay to the prejudice of creditors.

However, if Debtor does not eventually pay the filing fee, the court will have to decide among one of three options: (1) waive the filing fee (but the court can only waive the fee if Debtor is qualified); (2) close the case without entry of discharge; or (3) dismiss the case for failure to pay the filing fee under Section 707(a)(2) of the Bankruptcy Code, Title 11, United States Code. *In re Gjerde,* 535 B.R. at 334.

The court sets a further hearing in this case on August 4, 2020 at 1:30 p.m. before the undersigned United States Bankruptcy Judge in Courtroom 1675, Roybal Federal Building, 255 East Temple Street, Los Angeles, California  90012.  The court orders Debtor Refugio Vasquez to appear at this hearing on August 4, 2020 at 1:30 p.m. and show cause why this case should not be dismissed for failure to pay the Chapter 7 bankruptcy case filing fee under Section 707(a)(2) of the Bankruptcy Code, Title 11, United States Code or this case should not be closed without entry of discharge if he does not pay the Chapter 7 bankruptcy case filing fee.  Debtor and any party in interest may file with the court a written response to this order to show cause on or before July 31, 2020.

IT IS SO ORDERED.            ###

Date: January 24, 2020

_____
Robert Kwan
United States Bankruptcy Judge